UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN A. MURPHY,

    Plaintiff,

v.

PAUL PASTOR, *et al*.,

    Defendants.

CASE NO. 3:19-cv-06171-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: May 22, 2020

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge.

Plaintiff brought suit against defendants for deliberate indifference in violation of the Fourteenth Amendment. Before the Court is a motion to dismiss filed by all but one defendant in this matter. *See* Dkt. 21. Plaintiff has not plausibly alleged that any defendant made an intentional decision regarding his conditions of confinement and, regarding Paul Pastor, a sheriff, does not make any allegations regarding defendant Pastor's involvement. Because plaintiff has not plausibly alleged a constitutional violation, his claims against individual defendants in their

official capacities fail, even if properly interpreted as claims against the County. The motion to dismiss should be granted, and claims against the moving defendants should be dismissed with prejudice.

## BACKGROUND

Plaintiff, who is a pretrial detainee incarcerated at Pierce County Jail, initiated this matter in December 2019. *See* Dkt. 1. In his complaint, he alleges claims against defendants in their individual and official capacities, asserting that they have failed to respond to his inmate kite requests for mental health treatment for paranoid schizophrenia and manic depression. *See* Dkt. 5. Specifically, plaintiff alleges that on multiple days from August to November 2019, plaintiff requested mental health treatment from each of the mental health providers listed as defendants but received no treatment. *See* Dkt. 5, at 2–6. He alleges that there is a blanket policy at Pierce County Jail of refusing mental health treatment to pretrial detainees. Dkt. 5, at 6. Plaintiff requests injunctive relief and damages. *See* Dkt. 5.

Defendants filed their motion to dismiss, along with a notice as required by *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) on March 12, 2020. *See* Dkt. 21. Plaintiff did not file a response, and the matter is ripe for review.

## DISCUSSION

**I. Motion to Dismiss and Deliberate Indifference Standards**

To state a claim upon which relief may be granted, a complaint must go beyond "unadorned, the-defendant-unlawfully-harmed-me" accusations and "'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must contain factual allegations to state a claim to relief that is "'plausible on its face.'" *Id.* at 678 (quoting *Twombly*,

550 U.S. at 570). Finally, although the Court will liberally construe a *pro se* complaint, the Court will not supply essential elements of a cause of action that a plaintiff has not pleaded. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

> To prevail on a claim of deliberate indifference, a pretrial detainee must show—
>
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved;
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016); *see* Dkt. 188, at 3–4; Dkt. 191, at 10–11; Dkt. 214, at 25. "This test requires something "more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

## II. Individual Capacity Claims

Here, plaintiff's factual allegations that he suffers from a mental condition and that he sent defendants medical kites for medical treatment but received "no treatment" (*see* Dkt. 5, at 2–3) are insufficient to state a claim of deliberate indifference that is plausible under its face based on the principles explained above. Where, as here, a plaintiff seeks damages from individual defendants in their personal capacities under § 1983, plaintiff must allege particular facts to show that each individual defendant personally participated in the alleged constitutional deprivations at issue. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Fatally to plaintiff's claims, however, he does not explain how any defendant made an intentional or reckless decision with respect to the conditions of his confinement or that their failure to act caused him any particular injury. Plaintiff's factual allegations are insufficient to show that his claims are actionable. *See Iqbal*, 556 U.S. at 680.

1    Regarding defendant Pastor, the sheriff, plaintiff appears to rely solely on allegations of
2  supervisory liability, which are improper in a § 1983.  Instead, "because vicarious liability is
3  inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant,
4  through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at
5  676.

### III.  Official Capacity Claims

Plaintiff also brings claims against defendants in their official capacities.  *See* Dkt. 5.  A claim against a municipal employee in his or her official capacity is essentially a claim against the municipal entity—here, Pierce County.  *Sherman v. Cty. of Maui*, 191 F. App'x 535, 537 (9th Cir. 2006), *cited in Brandon v. Holt*, 469 U.S. 464, 471–72 (1985).

However, a requirement for succeeding on such a claim is showing a constitutional violation.  *See Aguilera v. Baca*, 510 F.3d 1161, 1167, 1174 (9th Cir. 2007*)* (noting that if no constitutional violation occurred, the court need not consider qualified immunity or a claim brought pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978)).

Because plaintiff's claims against individual defendants fail, even interpreting his claim against officials in their official capacities as claims against the municipality, he has failed to allege a cognizable *Monell* claim against Pierce County.  His official capacity claims against defendants bringing the motion to dismiss should be dismissed with prejudice.

### CONCLUSION

For the reasons set forth above, the Court recommends granting the motion to dismiss brought by defendants Pastor, Conception, Nealis, Perez, and Anderson and dismissing the claims against them.  *See* Dkt. 21.  These defendants should be terminated from this matter.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 22, 2020** as noted in the caption.

Dated this 5th day of May, 2020.

J. Richard Creatura
United States Magistrate Judge