UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN A. MURPHY,

                    Plaintiff,

          v.

D. RICCI,

                    Defendant.

CASE NO. 3:19-cv-06171-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JULY 10, 2020

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. *See also* Dkt. 2. Before the Court is defendant Ricci's motion to dismiss. *See* Dkt. 20.

Plaintiff brought suit against defendant Ricci for deliberate indifference in violation of the Fourteenth Amendment when defendant Ricci allegedly refused to provide plaintiff with necessary mental health treatment. *See* Dkt. 5. Plaintiff has not plausibly alleged that defendant Ricci made an intentional decision regarding the conditions of plaintiff's confinement, nor has

1  plaintiff alleged how defendant Ricci's alleged conduct caused any injury to plaintiff.  Because

2  plaintiff has not plausibly alleged a constitutional violation, his claim against defendant Ricci in

3  her official capacity also fails.  The motion to dismiss should be granted, and the claims against

4  defendant Ricci should be dismissed with prejudice.

**BACKGROUND**

6      Plaintiff, who is a pretrial detainee housed at Pierce County Jail and is proceeding *pro see*

7  and *in forma pauperis*, initiated this matter in December 2019.  *See* Dkts. 1, 4.  In his complaint,

8  plaintiff alleges claims against defendant Ricci in her individual and official capacity, asserting

9  that she failed to respond to his inmate kite requests for mental health treatment for paranoid

10 schizophrenia and manic depression.  *See* Dkt. 5.  Specifically, plaintiff alleges that on October

11 1, 2019, he requested mental health treatment, defendant Ricci responded to his request, but no

12 treatment was provided.  *See* Dkt. 5, at 4.  Plaintiff also alleges that there is a blanket policy at

13 Pierce County Jail for refusing mental health treatment to pretrial detainees.  *See* Dkt. 5, at 6.

14 Plaintiff requests injunctive relief and damages.  *See* Dkt. 5, at 7–8.

15     In his complaint, plaintiff also brought claims against defendants Pastor, Conception,

16 Nealis, Perez, and Anderson.  *See* Dkt. 5.  On March 12, 2020, these defendants filed a motion to

17 dismiss (Dkt. 21), which the district court granted, and plaintiff's claims against these defendants

18 were dismissed with prejudice and without leave to amend on June 5, 2020.  *See* Dkts. 25, 29.

19     Separately, defendant Ricci filed her motion to dismiss on March 12, 2020.  *See* Dkt. 20.

20 On May 5, 2020, the Court re-noted defendant Ricci's motion to dismiss and directed her to file

21 a notice of dispositive motion required by *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012).

22 *See* Dkt. 26.  On May 6, 2020, defendant Ricci filed the required notice.  *See* Dkt. 27.  Plaintiff

23 did not file a response, and the matter is ripe for review.

24

1

**DISCUSSION**

2

**I.      Motion to Dismiss and Deliberate Indifference Standards**

3       To state a claim upon which relief may be granted, a complaint must go beyond

4  "unadorned, the-defendant-unlawfully-harmed-me" accusations and "'a formulaic recitation of

5  the elements of a cause of action.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell*

6  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint must contain factual

7  allegations to state a claim to relief that is "'plausible on its face.'"  *Id.* at 678 (quoting *Twombly*,

8  550 U.S. at 570).  Finally, although the Court will liberally construe a *pro se* complaint, the

9  Court will not supply essential elements of a cause of action that a plaintiff has not pleaded.  *See*

10  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

11       To prevail on a claim of deliberate indifference, a pretrial detainee must show—

12       (1)  The defendant made an intentional decision with respect to the conditions
         under which the plaintiff was confined;
13       (2)  Those conditions put the plaintiff at substantial risk of suffering serious harm;
         (3)  The defendant did not take reasonable available measures to abate that risk,
14       even though a reasonable officer in the circumstances would have appreciated the
         high degree of risk involved; and
15       (4)  By not taking such measures, the defendant caused the plaintiff's injuries.

16  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).  This requires showing

17  something "more than negligence but less than subjective intent—something akin to reckless

18  disregard."  *Id.*

19       **II.     Individual Capacity Claim**

20       Here, plaintiff's factual allegations that he suffers from mental conditions and that he sent

21  defendant Ricci a medical kite for medical treatment but received "no treatment" (Dkt. 5, at 4)

22  are insufficient to state a claim of deliberate indifference that is plausible on its face based on the

23  principles explained above.  Where, as here, plaintiff seeks damages from an individual

24

1  defendant in her personal capacity under 42 U.S.C §1983, plaintiff must allege particular facts

2  that show how the individual defendant personally participated in the alleged constitutional

3  deprivations at issue.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Fatal to his

4  claims, however, plaintiff does not explain how defendant Ricci made any intentional or reckless

5  decision with respect to the conditions of plaintiff's confinement or that defendant Ricci's failure

6  to act caused plaintiff any particular injury.  Plaintiff's factual allegations are insufficient to

7  show that his claims are actionable.  *See Iqbal*, 556 U.S. at 680.

8       **III.    Official Capacity Claim**

9       Plaintiff also asserts a claim against defendant Ricci in her official capacity.[1]  *See* Dkt. 5,

10 at 2.  A claim against a municipal employee in her official capacity is essentially a claim against

11 the municipal entity—here, Pierce County.  *Sherman v. Cty. of Maui*, 191 Fed. App'x 535, 537

12 (9th Cir. 2006), *cited in Brandon v. Holt*, 469 U.S. 464, 471–72 (1985).

13      A municipality may be held liable under 42 U.S.C. § 1983 when execution of a

14 government's policy or custom inflicts injury on a plaintiff.  *See Monell v. Dep't of Soc. Servs.*,

15 436 U.S. 658, 694 (1978).  In order to establish a 42 U.S.C. § 1983 claim against a municipal

16 entity (or against a municipal employee in her official capacity), a plaintiff must show that (1) he

17 was deprived of a constitutional right, (2) the municipal entity had a custom or policy, (3) the

18 custom or policy amounted to a deliberate indifference to the plaintiff's constitutional right, and

19 (4) the custom or policy was the moving force behind the constitutional violation.  *Burke v. Cnty.*

20

21          [1]       In her motion to dismiss, defendant Ricci asserts that she is a medical provider
   employed by a Pierce County contractor, and that it is not within the scope of her employment to
22 provide mental health treatment at the Pierce County Jail.  *See* Dkt. 20, at 5.  These facts are
   outside of plaintiff's complaint, and the Court now excludes them in its analysis of the instant
23 motion to dismiss.  *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters
   outside the pleadings are presented to and not excluded by the court, the motion must be treated
24 as one for summary judgment under Rule 56.").

REPORT AND RECOMMENDATION - 4

1  *of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009) (citing *Mabe v. San Bernadino Cnty,*, 237 F.3d

2  1101, 1101–11 (9th Cir. 2001)).

3      As discussed above, plaintiff fails to allege that defendant Ricci was deliberately

4  indifferent to plaintiff's serious medical needs in violation of the Fourteenth Amendment.  Thus,

5  plaintiff fails to show that he was deprived of a constitutional right.  *See Aguilera v. Baca*, 510

6  F.3d 1161, 1174 (9th Cir. 2007) (citing *Monell*, 436 U.S. 658) (noting that if no constitutional

7  violation has occurred, the court need not consider a claim against a municipal entity under 42

8  U.S.C. § 1983).  Further, plaintiff fails to allege how defendant Ricci, in her official capacity,

9  acted through a municipal custom or policy that violates plaintiff's civil rights.  *See Monell*, 436

10  U.S. at 690–91.

11      Because plaintiff fails to show a deprivation of a constitutional right or that defendant

12  Ricci acted through a municipal custom or policy, even if interpreting his claim against

13  defendant Ricci in her official capacity as a claim against the municipality, plaintiff has failed to

14  allege a cognizable claim against Pierce County under 42 U.S.C. § 1983.  *See id.*  Accordingly,

15  plaintiff's claim against defendant Ricci in her official capacity should be dismissed with

16  prejudice.

17      **IV.     *In Forma Pauperis* Status**

18      Regarding plaintiff's *in forma pauperis* status should plaintiff appeal, as noted, plaintiff's

19  complaint fails to provide any claim upon which relief could be granted.  *In forma pauperis*

20  status on appeal shall not be granted if the district court certifies "before or after the notice of

21  appeal is filed" "that the appeal is not taken in good faith[.]"  Fed. R. App. P. 24(a)(3)(A*); see

22  also* 28 U.S.C. § 1915(a)(3).  A plaintiff satisfies the "good faith" requirement if he seeks review

23  of an issue that is "not frivolous," and an appeal is frivolous where it lacks any arguable basis in

24

1   law or fact. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v. Williams*, 490 U.S.

2   319, 325 (1989). Because appeal of these issues would lack an arguable basis in law, the district

3   court should find that any appeal would not be taken in good faith.

4                                          **CONCLUSION**

5          For the reasons set forth above, the Court recommends granting defendant Ricci's motion

6   to dismiss (*see* Dkt. 21) and that all claims against defendant Ricci should be dismissed with

7   prejudice and without leave to amend.   The Court further recommends that plaintiff's *in forma*

8   *pauperis* status should be revoked for the purpose of any appeal.

9          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

10  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

11  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

12  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

13  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

14  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

15         Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

16  matter for consideration on **July 10, 2020,** as noted in the caption.

17         Dated this 25th day of June, 2020.

18

19

20  _____

21  J. Richard Creatura
    United States Magistrate Judge

22

23

24